FILED

FEB 1 2022

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>JOHN PATRICK STOKES,<br>　　　　　　Debtor. | BAP No.  MT-21-1113-BGT<br><br>Bk. No.  9:21-bk-90013-JDP |
| JOHN PATRICK STOKES,<br>　　　　　　Appellant. | **MEMORANDUM**\* |

Appeal from the United States Bankruptcy Court
for the District of Montana
Jim D. Pappas, Bankruptcy Judge, Presiding

Before: BRAND, GAN, and TAYLOR, Bankruptcy Judges.

John Patrick Stokes appeals an order denying his motion to recuse the bankruptcy judge from his case, which is the fifth bankruptcy case Stokes has filed since 2009. The primary basis for Stokes's most recent bankruptcy filings in 2018 and 2021 is a dispute over what is known as the Raven Way Property, which LSF8 Master Participation Trust ("LSF8") purchased at a trustee's sale in 2016.

The Hon. Jim D. Pappas was assigned to Stokes's 2018 bankruptcy case. In that case, Judge Pappas granted LSF8 relief from the automatic stay to

---

\* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

continue with its eviction efforts against Stokes. Thereafter, the state court awarded LSF8 possession of the Raven Way Property. Stokes's 2021 bankruptcy case preempted the possession judgment. Despite contrary rulings from the bankruptcy court, this Panel, and the state court, Stokes continues to assert that he is the owner of the Raven Way Property, not LSF8.

Judge Pappas was also assigned to the 2021 bankruptcy case. Stokes filed an "Affidavit of Prejudice" requesting that Judge Pappas disqualify himself from the case. Stokes's reasons for seeking recusal centered on events and court rulings from his 2018 case. After a hearing, Judge Pappas denied the recusal motion, determining that Stokes's allegations of bias or prejudice were unsupported and that he failed to establish any basis for recusal.[1]

Stokes does not contend that Judge Pappas applied an incorrect legal standard for recusal. Rather, he argues that Judge Pappas has an "extreme bias" against him, and that it was error for him to preside over this case or issue any orders.

Stokes did not present any evidence in the bankruptcy court, nor any reasoned argument in this appeal, that would support recusal under 28 U.S.C. § 455.[2] His claims of alleged bias, prejudice, or lack of impartiality all involve procedural or substantive rulings the judge made during the course of the

---

[1] The 2021 bankruptcy case has been dismissed. The order denying recusal became a final appealable order once the bankruptcy court entered the final order dismissing the case. *See Seidel v. Durkin (In re Goodwin),* 194 B.R. 214, 221 (9th Cir. BAP 1996).

[2] Stokes did not even address the recusal motion at oral argument. After oral argument, he filed a letter to the Panel. We generally do not consider filings after an appeal has been submitted. However, even if we did consider it, the letter requests relief on

proceedings which Stokes perceived as adverse. That the judge later referred to Stokes as a "squatter" in granting LSF8 retroactive annulment from the stay did not demonstrate bias or prejudice; it was simply the judge's assessment of a fact based on the possession judgment issued by the state court.

Stokes clearly disagrees with some of Judge Pappas's prior rulings and wishes to relitigate them. However, bias, prejudice, or lack of impartiality cannot be challenged by a litigant on the basis that the litigant disagrees with the judge's rulings or orders. *Liteky v. United States*, 510 U.S. 540, 555 (1994); *Com. Paper Holders v. Hine (In re Beverly Hills Bancorp)*, 752 F.2d 1334, 1341 (9th Cir. 1984) (adverse rulings alone are legally insufficient to require recusal, even when the number of such adverse rulings is extraordinarily high on a statistical basis). The vehicle for challenging such disagreements or purported errors is an appeal, a procedure with which Stokes is familiar. *See F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1145 (9th Cir. 2001) ("Judges are known to make procedural and even substantive errors on occasion. The errors alleged here would be the basis for appeal, not recusal.").

Because Stokes did not demonstrate any bias, prejudice, or lack of impartiality, Judge Pappas did not abuse his discretion in denying the recusal motion. *See In re Goodwin*, 194 B.R. at 220 (order denying a motion to recuse is reviewed for abuse of discretion).

We AFFIRM.

---

matters that are not properly before us.